UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Melvin Washington, | Case No. 2:23-cv-00910-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| Division of Welfare and Supportive Services – Nevada, Cambridge; et al., | |
| Defendants. | |

    This is an Americans with Disability Act discrimination action arising out of Defendant Division of Welfare and Supportive Services' security personnel's refusal to let *pro se* Plaintiff' Melvin Washington—who is legally blind—enter the office with his service dog.  While Plaintiff alleges that security eventually let him enter the office, Plaintiff asserts that security violated his rights by asking for his dog's paperwork; making a joke about Plaintiff's blindness; and warning Plaintiff that if his dog barked, Plaintiff would be escorted out of the building.  Defendant moves to quash service, arguing that Plaintiff's service of the summons and complaint was insufficient.  (ECF No. 3).  Plaintiff did not respond to the motion.  Because the Court finds that service was insufficient and because Plaintiff did not respond to the motion, constituting his consent to granting it, the Court grants the motion to quash and will give Plaintiff thirty days to serve Defendant.

**I.**    **Discussion.**

    Defendant asserts that Plaintiff's affidavit of service indicates that Plaintiff served the complaint on Shawna Roberson at 3900 Cambridge Street in Las Vegas.  (ECF No. 1-4).  However, Defendant asserts that service was insufficient for two reasons.  First, under Nevada Revised Statute 41.031(2), the proper party is State of Nevada, on relation of Division of Welfare and Supportive Services.  Second, pleadings against the State must be served on the Nevada

Attorney General or a designee and the "person serving in the office of administrative head of the named agency." *See* Nev. Rev. Stat. 41.031(2). Plaintiff's affidavit of service does not indicate that he served the Attorney General and Shawna Roberson is not the administrative head of the Division of Welfare and Supportive Services. Defendant points out that the correct person is designated on the Division's website. Plaintiff did not respond to the motion.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. The plaintiff has the burden of demonstrating that service of process was valid. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1102 (D. Nev. Feb. 5, 1996) (quashing service of process on a representative of an Italian company at a trade show because the plaintiff did not meet its burden of establishing that the representative was an officer, director, employee, managing agent, general agent or an agent otherwise authorized by appointment or law to accept service). If service of process is insufficient, the court has discretion to dismiss an action or to simply quash service. *See* Fed. R. Civ. P. 4(m); *SHJ v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006); *Filanto Spa*, 920 F. Supp. at 1102 (stating that because the Federal Rules of Civil Procedure do not provide for motions to quash service, Federal Rule of Civil Procedure 12(b)(5) is the correct provision for challenging defective service).

Federal Rule of Civil Procedure 4(j)(2) provides that a plaintiff may serve a state by either delivering a copy of the summons and of the complaint to the state's chief executive officer or by serving a copy of each in the manner prescribed by that state's laws. Under Nevada Revised Statute 41.031 and Nevada Rule of Civil Procedure 4.2(d), in actions against the State of Nevada, the summons and a copy of the complaint must be served upon: (1) the Attorney General or a person designated by the Attorney General to receive service of process at the Office of the Attorney General in Carson City; and (2) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of

process.  Under Nevada Local Rule 7-2(d), failure to respond to a motion constitutes consent to the Court granting the motion.

The Court grants Defendant's motion to quash service.  Plaintiff's service of process was ineffective in this case.  Plaintiff failed to follow Federal Rule of Civil Procedure 4(j)(2) or Nevada Rule of Civil Procedure 4.2(d) and Nevada Revised Statute 41.031 because Plaintiff did not serve the State of Nevada's chief executive officer and did not serve the Attorney General and a person serving in the office of the administrative head of the named agency.  Finally, Plaintiff has not responded to Defendant's motion.  The Court thus grants Defendant's motion to quash service and permits Plaintiff thirty days to re-serve Defendant.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to quash service (ECF No. 3) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **October 26, 2023** to serve Defendant.  **Plaintiff is advised that failure to effectuate proper service may result in a recommendation to the district judge that his case be dismissed.**

DATED: September 26, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE