# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| Melvin Washington,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>Division of Welfare and Supportive Services – Nevada, Cambridge,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-00910-GMN-DJA<br><br>**Order to Show Cause** |

　　　This matter is before the Court on Plaintiff's filing of an amended complaint and failure to file proof of service on Defendant the State of Nevada in compliance with the Court's order. (ECF Nos. 11, 19).  On September 26, 2023, the Court ordered that "Plaintiff shall have until October 26, 2023 to serve Defendant" and outlined the statutes and rules governing service on the state. (ECF No. 11).  On March 18, 2024, Plaintiff filed an amended complaint. (ECF No. 19).  It appears that Plaintiff may have attempted to serve this amended complaint by mail. (ECF No. 18 at 2).  However, service by mail is not appropriate for pleadings for the reasons outlined in the Court's prior order regarding service. (ECF No. 11).

　　　Under both the Nevada and Federal Rules of Civil Procedure, if service is not made within the appropriate time period, the Court must dismiss the action.  Nev. R. Civ. P. 4(e)(2); Fed. R. Civ. P. 4(m).  The standard for extending the time for service under both the Nevada and Federal Rules of Civil Procedure is good cause.  Nev. R. Civ. P. 4(e)(3); Fed. R. Civ. P. 4(m).  In *Fimbres v. U.S.*, the Ninth Circuit explained that it has "interpreted 'good cause' to exclude…the desire to amend a complaint before service." *Fimbres v. U.S.*, 833 F.2d 138, 139 (9th Cir. 1987).  In *Wei v. State of Hawaii*, the Ninth Circuit explained that this is in part because a plaintiff could amend the original complaint after serving it on the defendant.  *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985).

Here, Plaintiff has not moved to extend the time to serve his original complaint and his attempt to amend his complaint does not constitute good cause. In its previous order, the Court explained that "failure to effectuate proper service [by October 26, 2023] may result in a recommendation to the district judge that this case be dismissed." (ECF No. 11 at 3). Because Plaintiff has missed the deadline for service, the Court orders Plaintiff to show cause why the Court should not recommend dismissal of this case.

Additionally, the Court strikes Plaintiff's amended complaint because it was not properly filed. Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once as a matter of course no later than twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff has not served his original complaint yet, so he is not entitled to amend it as a matter of course. He has also not sought leave of court to amend his complaint. The Court thus strikes the amended complaint from the docket. *See* Fed. R. Civ. P. 12(f)(1); *see* LR IA 10-1(d).

**IT IS THEREFORE ORDERED** that Plaintiff shall show cause in writing by responding to this order on or before **May 10, 2024.** That response must include a explanation about why the Court should not recommend dismissal of this case for Plaintiff's failure to serve his original complaint on Defendant. **Failure to comply with this order may result in a recommendation of dismissal to the district judge.**

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (ECF No. 19) be **stricken from the docket.**

DATED: April 10, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE