UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN WASHINGTON,<br><br>                Plaintiff,<br>vs.<br><br>DIVISION OF WELFARE AND SUPPORTIVE SERVICES – NEVADA, CAMBRIDGE,<br><br>                Defendant. | Case No.: 2:23-cv-00910-GMN-DJA<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

     Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Daniel J. Albregts, (ECF No. 25), recommending that this case be dismissed for Plaintiff Melvin Washington's failure to serve Defendant Division of Welfare and Supportive Services. Plaintiff filed an Objection, (ECF No. 26), to which Defendant filed a Response, (ECF No. 27). Because Plaintiff has continuously failed to effectuate service, despite being provided instructions on how to do so, the Court **ADOPTS in full** the Magistrate Judge's R&R and **DENIES as moot** all other pending motions before this Court.

**I.    BACKGROUND**

     Plaintiff Melvin Washington initiated this action against Defendant in Nevada's Eighth Judicial District Court. (*See* Compl., Ex. 2 to Pet. Removal, ECF No. 1-2). He filed an Affidavit of Service stating that Eric Holyoak, an individual over 21 years old and not a party to the suit, served the complaint on Shawna Roberson at 3900 Cambridge Street in Las Vegas. (Aff. of Service, Ex. 4 to Pet. Removal, ECF No. 1-4). Defendant removed the case by invoking this Court's federal jurisdiction over Plaintiff's claims for violations of Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act. (*See generally* Pet.

1 | Removal, ECF No. 1).

2 | After removal, Defendant filed a Motion to Quash Service based on Plaintiff's failure to comply with NRS 41.031(2). (Mot. Quash 1:11–2:2, ECF No. 3). Defendant noted that Plaintiff's affidavit did not indicate that the Attorney General or a designee was served, and that Shawna Roberson was not the administrative head of the Division of Welfare and Supportive Services. (*Id.* 2:3–5). Defendant explained that the correct person to serve was listed on the Division's website. (*Id.*). Plaintiff did not respond to the Motion to Quash but filed an Application for Leave to Proceed *in forma pauperis*, which the Magistrate Judge denied as moot because Defendant had already paid the filing fee. (IFP Order 1:15–18, ECF No. 10).

The Magistrate Judge granted Defendant's Motion to Quash, finding that Plaintiff's service was ineffective. (Order Granting Mot. Squash 3:3–9, ECF No. 11). The Magistrate Judge described the applicable federal and state service rules and gave Plaintiff 30 days to serve Defendant. (*Id.* 2:20–3:1). Plaintiff did not file anything on the docket to notify the Court that he had effectuated proper service, so Defendant filed a Motion to Dismiss for lack of proper service. (Mot. Dismiss, ECF No. 16). In his Response, Plaintiff wrote that Defendant had been served an amended complaint via mail. (Resp. to Mot. Dismiss at 2, ECF No. 17). Plaintiff filed his First Amended Complaint on the docket a few weeks later. (First Am. Compl., ECF No. 19).

The Magistrate Judge struck Plaintiff's First Amended Complaint from the docket because it was not properly filed, and entered an Order to Show Cause why he should not recommend dismissal for failure to serve the original complaint. (*See generally* Order Show Cause, ECF No. 22). Plaintiff responded that he has tried to serve Defendant via mail but that he has struggled to do so. (Resp. to OSC, ECF No. 23). He explained that he thought he could simply file documents and that the parties would be notified. (*Id.*). The Magistrate Judge noted

that because Plaintiff had attempted to serve Defendant, he would not recommend dismissal of the case as long as Plaintiff accomplished service within 30 days. (Order, ECF No. 24). However, he reminded Plaintiff that he cannot serve his own summons and complaint, that service cannot be done by mail, and that the Court's notification system does not replace the service requirement. (*Id.* 2:1–2). The Magistrate Judge further described the proper way to serve the State of Nevada under both federal and state law. (*Id.* 2:3–12). Thirty days came and went, and Plaintiff failed to file proof of service on the docket as required. Therefore, Magistrate Judge Albregts entered the underlying R&R, recommending dismissal of the action for lack of service. (R&R, ECF No. 25). Plaintiff objects to this recommendation. (*See generally* Obj., ECF No. 26).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

"Service of process" is the term describing a formal delivery of documents that are legally sufficient to give the defendant notice of a pending lawsuit. *R. Griggs Grp. Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Service must be effectuated under the law of the forum state. *See* Fed. R. Civ. P. 4(e)(1). Under Nevada law, in an action against the State of Nevada, the summons and a copy of the complaint must be served upon: (a) "the Attorney General, or a person designated by the Attorney

General, at the Office of the Attorney General in Carson City, and (b) the person serving in the office of administrative head of the named agency." NRS 41.031(2); Nev. R. Civ. P. 4.2(d). Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

But plaintiffs have two avenues for relief from this service deadline: good cause or excusable neglect. *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013). District courts have broad discretion to either dismiss an action entirely for failure to effectuate service or to quash the defective service and permit re-service. *See SHJ v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).

### III. DISCUSSION

Magistrate Judge Albregts recommends dismissing Plaintiff's case without prejudice due to his failure to serve Defendants, despite having multiple chances to do so. (R&R 1:11–17). Plaintiff's Objection reiterates that he mailed his Complaint to the Attorney General. (Obj. 1:22–2:4). In accordance with Local Rule IB 3-2, the Court has reviewed the docket and agrees with the Magistrate Judge.

Plaintiff's explanation that he has mailed his Complaint to the Attorney General does not demonstrate good cause or excusable neglect. The Magistrate Judge has already informed Plaintiff that he cannot effectuate proper service through the mail and provided instructions on the proper method of service. (Order on Service, ECF No. 24). Additionally, Plaintiff has had almost an entire year to effectuate proper service. On September 26, 2023, the Magistrate Judge first ordered Plaintiff to effectuate service by October 23, 2023, and warned that failure to do so may result in a recommendation that his case be dismissed. (Order Granting Mot. Quash 3:13–15). When Plaintiff failed to serve Defendant by June 28, 2024, the Magistrate

Judge found good cause to extend the deadline until July 29, 2024. (Order on Service 2:14–18, ECF No. 24). But Plaintiff still failed to serve Defendant. Both times, the Magistrate Judge explained the State's service requirements to Plaintiff.

Accordingly, because Plaintiff has had 11 months to effectuate service and has failed to do so, the Court finds that the case should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. *See, e.g.*, *Gibbs v. Fey*, No. 15-cv-01958-GMN-NJK, 2018 WL 1157544, at *1 (D. Nev. Mar. 2, 2018) (dismissing case after plaintiff failed to effectuate service, despite multiple opportunities to do so); *Vela v. Murphy*, No. 03:04-CV-0491-LRH (VPC), 2006 WL 8442524, at *1 (D. Nev. Oct. 27, 2006) (same). The Court **ADOPTS in full** the Magistrate Judge's R&R and dismisses the case without prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation, (ECF No. 25), is **ADOPTED in full**.

**IT IS FURTHER ORDERED** that all other motions pending before the Court are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Eighth Judicial District Court for Clark County, Nevada, for all further proceedings.

Dated this  13  day of August, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court